LATHAM v. BARWICK.

Opinion delivered November 2, 1908.

MASTER AND SERVANT—ABANDONMENT OF SERVICE—RECOVERY OF WAGES.—
Under Kirby's Digest, § 5028, as well as at common law, a laborer employed for a definite time who, without good cause, abandons his employer before the expiration of his contract, is not entitled to recover compensation for his services, either on the contract or on a *quantum meruit.*

Appeal from Clay Circuit Court, Western District; *Frank Smith,* Judge; reversed.

*G. B. Oliver,* for appellant.

It was not necessary that the contract be in writing, and under the statute when a laborer without good cause abandons his employer before the expiration of his contract he forfeits all wages or share of crop which may be due him. Kirby's Digest, § § 5021, 5028. Even without a statutory enactment, instruction No. 1 requested by appellant should have been given. 30 Ark. 186; 33 Ark. 751; 35 Ark. 110; 38 Ark. 102; 9 Cyc. 501; 20 Am. & Eng. Enc. of L. 24; 26 Cyc. 1041. Under the contract one half of the wages was not to be paid until the first of July, and in any event the suit should not have been instituted before that date. Hence instruction No. 2 requested ought to have been given.

McCULLOCH, J. This is an action instituted by appellee against appellant's testatrix to recover upon an amount for wages alleged to be due him as a farm hand. He entered into a verbal contract with appellant's testatrix to work on the latter's farm from February 26 until July 1, 1906, for $25 per month, and quit work on May 14, 1906. He sues for the amount of his earned wages. There was testimony tending to show that, according to the terms of the contract, the wages of appellee were to be paid one half as he earned or needed them and the other half on July 1st, that he quit the service of his employer without cause, and that at the time he quit work more than one-half of his earned wages had been paid to him.

On this state of the proof the court gave a peremptory instruction to the jury to return a verdict in appellee's favor for the amount sued for, which was the balance of his earned wages, and refused to give the following instructions requested by appellant:

"1. You are instructed that if you find from the evidence that defendant employed plaintiff to work for her in the making of a crop, and that he was to work until the first day of July, 1906, and was to be paid therefor at the rate of $25 and house rent per month, then, if you further find that plaintiff quit the employ of defendant before the first day of July, 1906, without reasonable cause, you will find for the defendant.

"2. You are further instructed that if you find from the evidence that defendant employed plaintiff to work for her in

the making of a crop, and that he was to work until the first day of July, 1906, and was to be paid therefor at the rate of $25 and house rent per month, and that one-half of his wages was not to be paid until the first of July, 1906, and that without reasonable cause he quit the employ of defendant before the first day of July, 1906, and that at the time he quit he had been paid more than one-half of his wages, then, if you find this suit was begun before the first day of July, 1906, you will find for the defendant."

There seems to be some conflict in the authorities whether or not one employed for a specified time who without adequate cause quits service before expiration of the time can recover upon a *quantum meruit*, but the great weight of authority is to the effect that he cannot recover. 26 Cyc. p. 1042 and cases cited. This court adopted the rule sustained by the weight of authority. Chief Justice ENGLISH, speaking for the court in *Hibbard* v. *Kirby*, 38 Ark. 105, said: "The rule seems to be that if the contract of the servant to labor be for a specified period of time, and payment is to be made, either expressly or by implication of law, at the end of the period, and the servant leaves the service of his master improperly, without a sufficient cause, and without his consent, before the expiration of that time, he can recover no compensation for his services, either on the contract or on a *quantum meruit*."

A statute of this State enacted in 1883 puts the question entirely at rest. It is as follows: "If any laborer shall without good cause abandon his employer before the expiration of his contract, he shall be liable to such employer for the full amount of any account he may owe him, and shall forfeit to his employer all wages or share of crop due him or which may become due him from his employer." Kirby's Digest, § 5028.

This statute is conclusive of the questions involved in this appeal. It applies, in express terms, to all verbal contracts for services for a period not longer than one year.

It follows that the court erred in giving a peremptory instruction and in refusing to give the instructions requested by appellant.

Reversed and remanded for a new trial.